## STATE v. CLYDE ROBINSON.*

136 N. W. (2d) 401.

July 2, 1965—No. 39,507.

Grannis & Grannis, Vance B. Grannis, and Thomas J. Campbell, for appellant.

Robert W. Mattson, Attorney General, George M. Scott, County Attorney, and Theodore R. Rix, Assistant County Attorney, for respondent.

OTIS, JUSTICE.

This is an appeal from a conviction for grand larceny in the second degree by one of two codefendants, arising out of the theft of a television from a dwelling in Minneapolis. The issues are whether the court should have appointed separate counsel for each defendant and whether separate trials should have been directed.

The defendants' versions of the offense were in substantial accord. Defendant Martin, who has not appealed his conviction, testified that on the morning of August 14, 1963, he was at the home of one

*Certiorari denied by U. S. Supreme Court December 13, 1965.

Louis Thomas in company with defendant Clyde Robinson; the complainant, Geraldine Moran; and one Charles Grafton. At about 10 o'clock that morning, Martin, Robinson, and Grafton were driven downtown by one Aaron Burns in Thomas' car. Martin claimed that on their return, Burns suggested he had a television set which could be sold to finance a continuation of the drinking in which they had all indulged the previous evening. Accordingly, Burns drove to the vicinity of 1522 Eighth Street where Mrs. Moran resided, parked some distance away, got out of the car, and returned in about 5 minutes with the television set under his arm. Thereupon they all drove to the Blue Note Tavern where Martin negotiated the sale of the set for $22 to one Charles Lanvrum who shortly thereafter secured delivery from Martin and Burns at 1143 Girard Avenue North. From the proceeds of the sale a bottle of wine was purchased. Burns then gave each defendant $5 for his part in consummating the deal. A few days later Lanvrum advised Martin that the police had repossessed the set because it was stolen. This in substance was Martin's recitation of the facts. On cross-examination he admitted to three prior felony convictions.

Appellant corroborated Martin's version in almost every particular, including the fact that Burns claimed the television belonged to him and that Burns was the only one who actually took it from Mrs. Moran's home. Robinson had no adult felony convictions.

Mrs. Moran testified that Martin had been in her home and had observed the television a few days prior to the offense. Burns admitted that he parked at Mrs. Moran's address but claimed it was defendants who obtained the television and brought it to the car. Burns denied that he ever claimed ownership of the television and testified that defendants were the ones who received the money from Lanvrum. According to Lanvrum, Martin negotiated the sale and received the payment of $22.

■ Appellant asserts that his counsel's failure to move for a separate trial denied him due process of law under the Fourteenth Amendment. The record indicates that after arraignment in open court appellant acquiesced in counsel's statement that he had been

informed of his right to demand a separate trial. The court assured appellant that if demanded a separate trial would be granted. There followed a protracted colloquy between court, counsel, and defendants and an inquiry of the court by appellant regarding the advantages of being tried separately. The court initially declined to give any opinion but ultimately attempted to suggest some of the considerations which might govern such a decision. Appellant persisted in expressing uncertainty as to the wiser course until the court finally stated, "Well, you can't keep thinking about it. You have got to decide right now." To which counsel added, "This is the moment," followed by the court's asking, "Yes, you do want to be tried together then?" to which appellant answered, "Yes."

It is appellant's contention that he was not fully aware of the ramifications of a joint trial. He asserts that this was a matter which only a lawyer could intelligently resolve and that he was deprived of counsel's impartial decision because one attorney represented both defendants. We find no merit in this contention. The court correctly advised appellant that under Minn. St. 631.03[1] he had an absolute right to demand a separate trial, and while we do not encourage the practice of attempting to outline the advantages and disadvantages of a separate trial—more particularly where defendants are represented by counsel—we hold it was not error for the court to follow the procedure adopted. It is clear from the transcript that counsel discussed the matter with his client and acquiesced in appellant's ultimate decision that a joint trial was acceptable. In view of our determination that no prejudice in the presentation of the defense has been shown as a result of a single attorney's representing both defendants in a joint trial, we do not concur in the suggestion that it was the court's duty to order a severance without a demand on the part of appellant.

■ Appellant also claims he was denied due process because two

---

[1]"When two or more defendants shall be jointly indicted for a felony, any defendant who shall require it shall be tried separately. In other cases defendants jointly indicted may be tried jointly or separately, in the discretion of the court, and any one or more may be convicted or acquitted."

defendants with conflicting interests were represented by one attorney. In support of his position appellant cites Glasser v. United States, 315 U. S. 60, 62 S. Ct. 457, 86 L. ed. 680, rehearing denied sub nom. Kretske v. United States, 315 U. S. 827, 62 S. Ct. 629, 86 L. ed. 1222, and Roth v. United States, 315 U. S. 827, 62 S. Ct. 637, 86 L. ed. 1222, where the United States Supreme Court stated (315 U. S. 70, 62 S. Ct. 465, 86 L. ed. 699):

"* * * [T]he 'assistance of counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests."

However, in contrast to the matter before us, the defendant in the Glasser case specifically requested the right to retain his own attorney because the attorney appointed for him had stated to the court there were inconsistencies in the defense of the codefendants. In addition, appellant relies for reversal on State v. Martineau, 257 Minn. 334, 101 N. W. (2d) 410. There, the appellant was denied the benefit of exculpatory testimony from a codefendant because of the latter's failure to take the witness stand. The decision that the codefendant would not testify, apparently made by counsel, was held by us to be highly prejudicial to the other defendant's rights.[2] Here, however, both defendants testified and each exonerated the other.

In the absence of a timely objection and where no actual prejudice is shown, the appointment of a single attorney for codefendants is not in itself a denial of effective assistance of counsel. United States v. Dardi (2 Cir.) 330 F. (2d) 316, 335; People v. Rogers, 207 Cal. App. (2d) 261, 270, 24 Cal. Rptr. 341, 346; United States v. Bentvena (2 Cir.) 319 F. (2d) 916, 937. Nor is the fact that a codefendant on taking the stand discloses a felony record sufficient grounds for reversal. United States v. Stracuzza (S. D. N. Y.) 158 F. Supp. 522.

---

[2] 45 Minn. L. Rev. 187. See, also, People v. Donohoe, 200 Cal. App. (2d) 17, 19 Cal. Rptr. 454; Case v. State of North Carolina (4 Cir.) 315 F. (2d) 743; People v. Kerfoot, 184 Cal. App. (2d) 622, 7 Cal. Rptr. 674; Annotation, 148 A. L. R. 183.

Appellant further complains that while Lanvrum's testimony implicated Martin, it did not involve appellant. We fail to see in what way appellant was thereby prejudiced. His version of the episode was almost completely in accord with that of Lanvrum. In a number of analogous cases courts have held that there is no prejudice where codefendants have given similar statements to the police and their testimony is consistent or in substantial agreement, if neither defendant has made any damaging admissions before or at trial implicating the other. People v. Hall, 27 Ill. (2d) 501, 503, 190 N. E. (2d) 292, 293; People v. Welch, 212 Cal. App. (2d) 397, 28 Cal. Rptr. 112.

Since Robinson and Martin gave virtually identical accounts of the taking and disposition of the stolen property and the defense of each attributed to Burns complete responsibility for the theft, we hold that appellant's claim of inadequate representation is without merit. However, as a caveat we suggest that except in the most extraordinary cases it is better practice routinely to appoint separate counsel for each defendant in a joint trial. The possibility of a conflict in representation arising out of some unforeseeable circumstance in defending the criminal prosecution can thus be avoided.

Affirmed.