RICHARD BARNESS v. STATE.

187 N. W. (2d) 111.

April 23, 1971—No. 42106.

C. *Paul Jones*, State Public Defender, and *Roberta K. Levy*, Assistant State Public Defender, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, Frank T. Gallagher, and Rosengren, JJ. Reconsidered and decided on the record by the Court en banc.

PER CURIAM.

Appeal from an order of the district court denying a petition for postconviction relief. On December 13, 1955, a jury found petitioner guilty of first-degree robbery. A petition for a writ of error coram nobis was denied on August 27, 1957, and the denial of this writ was affirmed by this court on April 11, 1958. State ex rel. Barness v. County of Hennepin, 252 Minn. 174, 89 N. W. (2d) 166. A petition for postconviction relief was filed, a hearing was held thereon, and the petition was denied.

The principal issues raised on this appeal are: (1) Whether petitioner was denied effective assistance of counsel; (2) whether the evidence was sufficient as a matter of law to support the conviction; (3) whether the trial court's instructions to the jury were erroneous and whether the petitioner was prejudiced thereby; (4) whether petitioner was denied his right of allocution.

The claim of inadequate counsel is not new for it was previously considered at length and rejected in coram nobis proceedings instituted

by petitioner more than 13 years ago. State ex rel. Barness v. County of Hennepin, *supra*. Petitioner cites the following instances of incompetency by his attorney: He did not adequately attempt to investigate alibi witnesses; he failed to object to evidence which was introduced at his trial which connected one Charles Burde to the robbery instead of petitioner; and, while representing both Burde and petitioner, he had Burde declared insane prior to petitioner's trial.

Before petitioner's trial, Burde indicated to petitioner's attorney his willingness to testify that petitioner did not assist him in the robbery but that one Nick DeLong was his accomplice. Petitioner's attorney had a duty to prevent an incompetent witness from testifying in a court of law. If another attorney had represented Burde, he would have had the same duty. Thus, there appears to be no prejudice against petitioner. "* * * [W]here no actual prejudice is shown, the appointment of a single attorney for codefendants is not in itself a denial of effective assistance of counsel." State v. Robinson, 271 Minn. 477, 480, 136 N. W. (2d) 401, 404.

An evidentiary hearing on the postconviction petition was granted at which petitioner, represented by the public defender, appeared and testified at length. The scope of our review in a postconviction proceeding is limited to the question of whether there is sufficient evidence to sustain the findings of the postconviction court. Our careful examination of the record not only fails to reveal any significant support for petitioner's other claims bearing on the issue of incompetent counsel, but compels the conclusion that the evidence supports the findings of the postconviction court. Petitioner did not sustain the burden of proving that he had incompetent counsel. Black v. State, 289 Minn. 328, 184 N. W. (2d) 419.

The second issue of whether the evidence was sufficient to sustain the conviction was previously passed upon by this court in State ex rel. Barness v. County of Hennepin, *supra*. Our examination of the record here compels us to reiterate our previous statement: "* * * [T]he jury was amply justified in returning a verdict of guilty." 252 Minn. 176, 89 N. W. (2d) 168.

The third issue involves the following part of the trial court's instructions to the jury which petitioner contends denied him a fair trial: "* * * [A]libi is a defense that is easily fabricated and hard to disprove, but if it is proved, it is a good defense." The court also cautioned the jury that the state always has the burden throughout the trial of proving guilt beyond a reasonable doubt and that this burden never shifts. This court has held in a case involving a similar instruction on alibi that, while it is not to be recommended, it was not so prejudicial,

in view of the instructions as a whole, as to deny the defendant a fair trial. State v. Keezer, 274 Minn. 292, 143 N. W. (2d) 627.

As to the fourth issue, the record does not support petitioner's claim that he was denied his right of allocution. He pled guilty to four prior felony convictions and in the course thereof carried on a conversation with the trial court and the clerk of court, presenting some mitigating circumstances. There is no claim that his statements were curtailed. The court inquired into his education, vocation, religious affiliation, and marital status. All of this was done before sentencing.

Other peripheral issues raised by petitioner are without merit and without support in the record.

Affirmed.