STATE v. WILBUR WILSON.

200 N. W. 2d 185.

August 4, 1972—No. 41392.

C. Paul Jones, State Public Defender, and Mollie G. Raskind, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., and David G. Roston, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant has been convicted of aggravated robbery, Minn. St. 609.245, and aiding, Minn. St. 609.05, and raises two issues on appeal. First, whether he was denied effective counsel because his attorney also represented a codefendant; and, second, whether he was denied due

process by the failure of his counsel to call two witnesses who participated in the crime. We hold that the evidence does not disclose a denial of any constitutional right which requires a reversal and accordingly we affirm.

On September 1, 1967, three men entered a loan company at 1203 South Washington Avenue, Minneapolis, and at gunpoint took from the proprietor, Irving Brody, a number of rings, watches, and over $1,000 in cash. On the same evening, the police entered a hotel room in downtown Minneapolis and arrested defendant and three other occupants, Lawrence Holmes, Ticia Holmes, and Ulysses Stewart.

1. Defendant pled not guilty, was tried, and convicted. Brody identified him as the robber who had pistol whipped him. A codefendant, Patrick Yates, pled not guilty. Both were represented by Ellis Olkon. Defendant asserts that this dual representation denied him the benefit of exculpatory testimony from Yates since it was the duty of Olkon to advise Yates to invoke the Fifth Amendment. For two reasons, this argument is not persuasive. First, had Yates obtained independent counsel, it would likewise have been that attorney's duty to advise Yates against testifying on behalf of defendant. Second, there is no showing that Yates would have exonerated defendant had he testified.[1]

In findings made by the trial court in support of an order denying a new trial, the court found that Olkon asked Yates if he would testify for defendant and was advised that Yates would not. In addition, the court found:

"* * * Mr. Olkon did not know nor did he have reason to believe that Mr. Yates could present testimony at the trial of Defendant which testimony would have substantiated Defendant's position that he was not a participant in the crime charged."

We have discussed the impropriety of a lawyer representing codefendants in State v. Martineau, 257 Minn. 334, 101 N. W. 2d 410 (1960); and State v. Robinson, 271 Minn. 477, 481, 136 N. W. 2d 401, 405, certiorari denied, 382 U. S. 948, 86 S. Ct. 410, 15 L. ed. 2d 356 (1965).[2] We again express strong disapproval of dual representation, a position now supported by A. B. A. Standards for Criminal Justice, The Prosecution

---

[1] Although Yates pled guilty after defendant's conviction, he did not thereafter offer evidence of defendant's innocence.

[2] See, also, State ex rel. Knott v. Tahash, 281 Minn. 305, 161 N. W. 2d 617 (1968); Barness v. State, 290 Minn. 509, 187 N. W. 2d 111 (1971); Annotation, 34 A. L. R. 3d 470.

Function and: The Defense Function, the Defense Function § 3.5(b) (Approved Draft, 1971):

"* * * The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants give an informed consent to such multiple representation."

However, for the reasons stated, we find no prejudice requiring reversal in the case before us.

2. With respect to the claim that counsel neglected to call two exculpatory witnesses, the record does not show how either of them would have testified. Counsel was unable to locate Ulysses Stewart, who had been released by the police, but he did interview Holmes who denied any participation in the robbery and was therefore not subpoenaed to testify. Neither Stewart nor Holmes was prosecuted, presumably because of lack of evidence that they were in fact implicated in the crime. Under these circumstances, the failure of counsel to call them did not deny defendant a fair trial.

Affirmed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.