STATE v. MARTIN LOUIS GENGLER AND OTHERS.

200 N. W. 2d 187.

August 4, 1972—No. 42799.

504 ■

*Thomson, Wylde & Nordby* and *Jack S. Nordby*, for appellants.

*Warren Spannaus*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

PER CURIAM.

This prosecution arises out of the events described in State v. Otten, 292 Minn. 493, 195 N. W. 2d 590 (1972). The three defendants were tried and found guilty of sexual intercourse with a child 14 years of age in violation of Minn. St. 609.295(3). Martin and Gary Gengler were also convicted of committing sodomy in violation of § 609.293, subd. 4(3). We affirm.

On appeal, defendants assert the following grounds for reversal: (1) The courtroom identification, the lineups, and photographs were the fruits of an unlawful arrest; (2) the defendants were coerced into waiving their right to counsel at the lineup by facing the alternative of remaining in jail over the weekend; (3) the lineups were impermissibly suggestive; (4) the identification of defendants was the product of improper pretrial procedures; (5) identification by the victims was not established beyond a reasonable doubt; and (6) it was error to require a joint trial of the three defendants.

At the time these young victims were rescued they were understandably distraught. The police were confronted with the problem of identifying the assailants from among fourteen members of a motorcycle gang. To that end, it was not only proper but essential that all of those present be taken into custody until the children regained their composure and were able to make an intelligent identification. There was no impropriety in this procedure. The record fully supports a determination that the victims had ample opportunity to view their assailants. By the very nature of the crimes, the proximity of the parties during the assault and the time which necessarily elapsed permitted the children to make a reliable identification.

Under Minn. St. 631.03, it was within the discretion of the trial court to order a joint trial of these defendants. Clearly, it was in the interests of justice that the victims be spared the ordeal of testifying on three separate occasions to the terrifying and revolting details of these offenses.

We have considered the other claims of error and find them to be without merit.

Affirmed.