## STATE v. DALE ORLIE SWENSON, ALSO KNOWN AS JOHN QUINCY MOLUMBY.

221 N. W. 2d 706.

September 13, 1974—No. 43998.

C. Paul Jones, State Public Defender, and Richard L. Dahlen, Special Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Gary W. Flakne, County Attorney, and Theodore R. Rix and Vernon Bergstrom, Assistant County Attorneys, for respondent.

Heard before Otis, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

Otis, Justice.

Defendant appeals from a conviction for aggravated robbery under Minn. St. 609.245 and 609.05. The sole issue is whether

defendant was denied a fair trial because he was jointly tried with two codefendants. We affirm.

The facts are undisputed. On December 3, 1971, at 6:30 p.m., three men forced their way into the home of Barnhard J. Rubel in Minneapolis and robbed the occupants at gunpoint. At the time, Mr. Rubel was 73 years of age, Mrs. Rubel 63, and Mrs. Rubel's sisters, Mrs. Marks and Mrs. Krause, 69 and 64. The Rubels' son, Alan, arrived when the robbery was in progress. While estimates of time vary, the robbers were in the house approximately 1 hour. An inventory conducted the same evening revealed the loss of the ladies' fur coats, Mrs. Rubel's ring and pendant, Mrs. Krause's engagement ring and wedding bands, Alan Rubel's watch and the contents of his wallet, a television set, a set of golf clubs, a new pair of shoes, an electric razor, a shotgun, some cash, and an office vault containing various securities and certificates of deposit in the total face value of approximately $100,000.

Two of the robbers wore ski masks. A fourth man, not masked, joined the original three. At a lineup on December 14, defendant Swenson was identified by Mrs. Rubel and Alan Rubel as the first unmasked robber to enter the home. The lineup of Swenson was preceded by an examination of 500 or 600 photographs from which two witnesses selected him. At trial, he was identified by Mrs. Krause, Mrs. Rubel, and Alan Rubel.

On December 8, 1971, a warrant was issued authorizing the search of the premises at 3018 Russell Avenue North. A ring and a set of golf clubs, later identified as those taken from the Rubel house, were seized. The telephone in the Russell Avenue residence was listed in the name of defendant Swenson.

Codefendants Otis Dillard and Everett Kloeppel were arrested on December 20 at Kloeppel's apartment, which was also searched pursuant to a warrant. A legal-sized note pad was seized, on the first page of which was written: "Barny J. Rubel, York Avenue South." Other objects which linked Dillard and Kloeppel to the robbery were rings belonging to Mrs. Krause and a pistol.

Defendants Kloeppel and Dillard were identified at lineups held on December 22.

Defendant Swenson was initially charged in a separate information, but later was joined in an amended information with the other defendants. On March 10, 1972, the state sought and was granted a joint trial of all three defendants. The affidavit in support of the motion alleged that the victims were advanced in years; Mr. Rubel is nearly blind; Mr. and Mrs. Rubel had experienced coronary attacks; Mrs. Marks suffers from an artery ailment; and Mrs. Krause lives some distance away in the eastern part of Wisconsin. No counter affidavits were submitted.

At trial, the evidence linking defendant Swenson to the robbery was identification testimony and the golf clubs found at the house on Russell Avenue North. No evidence was introduced linking Swenson with defendants Dillard and Kloeppel. No limiting instructions on the admissibility of the evidence were requested by counsel or given by the court. The court did charge that the note pad was admissible only against Kloeppel and the golf clubs admissible only against Swenson. None of the defendants took the stand or introduced any evidence at trial.

Swenson argues that prejudice is inherent in a joint trial because of evidence which implicates his codefendants.

Minn. St. 631.03 provides in relevant part:

"When two or more defendants shall be jointly indicted or informed against for a felony, they shall be tried separately provided, however, upon written motion, the court, in the interest of justice and not related to time or economy may order a joint trial for any two or more said defendants."

The statute prior to 1969 had been construed as giving a defendant an absolute right to a separate trial. State v. Robinson, 271 Minn. 477, 479, 136 N. W. 2d 401, 403 (1965) ; State v. Martineau, 257 Minn. 334, 342, 101 N. W. 2d 410, 415 (1960). The policy in this state continues to favor strongly separate trials. Here, however, it was proper to grant a joint trial because there were con-

siderations militating in favor of consolidation which were not "related to time or economy." Four of the victims ranged in age from 63 to 73. Mr. Rubel was nearly blind and three of the victims had heart problems. The invasion of the Rubel home by the robbers was undoubtedly a traumatic experience for the victims. The case is not unlike State v. Gengler, 294 Minn. 503, 504, 200 N. W. 2d 187, 189 (1972), where we said: "Clearly, it was in the interests of justice that the victims be spared the ordeal of testifying on three separate occasions to the terrifying and revolting details of these offenses."

Defendant Swenson has demonstrated no substantial prejudice in being jointly tried. The likelihood of confusion over what evidence was introduced against each defendant was not great. There were no inconsistent defenses raised nor did any defendant require the exculpatory evidence of another. Although the discretion of the trial court to order joint trials is limited and separate trials should be the rule rather than the exception, we hold that joint trials were here proper.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.