STATE v. RICHARD E. TAYLOR.

234 N. W. 2d 586.

September 26, 1975—No. 44550.

*C. Paul Jones,* State Public Defender, and *Peter Van Bergen,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Thomas J. Foley* and *Michael P. Berman,* Special Assistant Attorneys General, for respondent.

Heard before Otis, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from a conviction for aggravated assault, Minn. St. 609.225, subd. 1, in which appellant, Richard Taylor, alleges misconduct by the prosecutor and ineffective representation by his counsel. We affirm.

Appellant was 25 years old at the time of the assault. He and his younger brother Steven returned home with their parents from a dance in Comfrey, Minnesota, at about 1:30 a. m. on November 26, 1972, to find two young men, one 17 and the other 20, visiting their sisters.

Appellant's parents waited in the car and asked defendant and his brother to order the visitors to leave. Appellant's brother went upstairs, ordered one of the guests out, pushed him as he descended the stairs, wrestled with him, and on their leaving the house struck and kicked him into unconsciousness.

Downstairs, appellant approached the other visitor, who was seated in a chair facing away from the door. Appellant told the visitor to leave, grabbed him by the hair from behind, and hit him in the face. He then dragged him to the front door and kicked him several times. As the young man made his way out the door, appellant again hit and kicked him.

The young man who was beaten by appellant's brother was taken to the hospital by police car. Appellant's victim walked to the dancehall and then to the hospital. He remained at the hospital for a day and a half. His jaw was injured, his finger required a splint, he had difficulty speaking, and one of his eyes was swollen shut.

Informations charging aggravated assault were filed on December 11, 1972, against both Steven and Richard Taylor. They were arraigned on December 12, 1972, and agreed to be represented by a single attorney appointed by the court. Verdicts of guilty were returned against both. Execution of sentence was stayed on condition that appellant commit himself to the Minnesota Security Hospital in St. Peter for mental treatment, pay the medical bills of his victim, and refrain from the use of alcohol. His probation was revoked on April 19, 1973, and he was committed to the State Prison.

1. Appellant objects to the comments of the prosecutor in his closing argument to the jury. The prosecutor asked the jury to remember the pictures of the victims which had been put in evidence, stating that they represented their faces—

"* * * several days after this beating and if that isn't great bodily injury, then I don't know what would be. * * * These boys received a severe, serious beating by these two Taylors."

Later, the prosecutor stated:

"* * * [I]f this type of conduct doesn't cause some anger and indignation on the part of us who view this, then I don't know what would. To take two young boys and beat them like these boys were beaten is absolutely without any justification under these facts."

On the credibility of appellant's testimony that he had no intention of hurting his victim badly, the prosecutor stated, "I think it's incredible to even make a statement like that." Finally, the prosecutor called appellant's actions "a severe beating without any justification or excuse of any kind." He added:

"* * * It certainly wasn't in self defense as they would have you believe. * * * The Defendants were vicious in their treatment of these boys * * *."

No objection was taken to these statements. In our opinion they were not prejudicial and do not require reversal. We have condemned expressions of personal opinion by the prosecutor bearing on the truth or falsity of testimony or evidence of guilt. However, as this court stated in State v. Prettyman, 293 Minn. 493, 495, 198 N. W. 2d 156, 158 (1972):

"* * * Although always wrong, such comments are not always prejudicial. The strength of the evidence against defendant and the otherwise balanced argument addressed to the jury's acknowledged role in judging the evidence may be considered in determining whether such comments infected the verdict."

We are of the opinion, that the prosecutor's comments did not deprive appellant of a fair trial. See, A. B. A. Standards, The Prosecution Function (Approved Draft, 1971) § 5.8(b). See, also, State v. Thomas, 305 Minn. 513, 232 N. W. 2d 766 (1975).

2. Appellant objects to his cross-examination by the prosecutor. His attorney disclosed the fact that appellant had previously been convicted of a crime, apparently a misdemeanor. On cross-examination, the following exchange took place:

"Q. And you have indicated that you have also been convicted of destruction of property and that had to do with throwing a bottle through a car window which was occupied by your mother, didn't it?

"A. Yes, it was.

"Q. She was sitting in a car and you threw a bottle through the window at her?

"A. It wasn't a bottle.

"Q. What was it?

"A. It was a brick.

"Q. A brick?

"A. Right.

"Q. And, of course, you didn't intend to break the window or hurt her, did you?

"A. I intended to break the window, but not to hurt her.

"Q. And you didn't intend to hurt [the victim]?

"A. No, I didn't."

Defense counsel did not object to this line of questioning.

Our discussion of a similar objection in State v. McDonald, 298 Minn. 449, 455, 215 N. W. 2d 607, 611 (1974), disposes of the matter:

"Defendant also contends that the state improperly cross-examined him concerning his prior criminal record, specifically including an ordinance violation. We hold there was no error because (a) the evidence of the ordinance violation was first revealed, in a confusing manner, by defendant on direct examination by his own counsel; and (b) there was no objection at trial by defense counsel to cross-examination by the prosecutor on this subject, and thus the issue is raised for the first time on appeal."

3. Appellant complains that the appointment of one attorney for joint defendants deprived him of the effective assistance of counsel. Appellant argues that he was prejudiced by his counsel's inability to separate his crime from the crime committed by his brother. In State v. Wilson, 294 Minn. 501, 200 N. W. 2d 185 (1972), we expressed strong disapproval of dual representation—which we here reiterate. See, A. B. A. Standards, The Defense Function (Approved Draft, 1971) § 3.5(b). In this case, however, we do not believe that appellant has been prejudiced by joint representation or that his attorney was in any way hampered or inhibited in vigorously advocating appellant's innocence.

4. Appellant alleges that his counsel's performance was so inadequate he was deprived of effective assistance of counsel. As this court stated in State v. Russell, 272 Minn. 463, 465, 138 N. W. 2d 690, 692 (1965):

"* * * To establish ineffective representation, it is not sufficient to complain about counsel's failure to challenge certain jurors or his failure to make proper objections and to submit requested instructions which a careful scrutiny of a transcribed record arguably might indicate would have been desirable."

Appellant has not demonstrated a performance so palpably incompetent as to make the proceedings a farce, sham, or mockery of justice. Brown v. State, 292 Minn. 174, 193 N. W. 2d 613 (1972).[1]

Affirmed.

---

[1] In an appropriate case where the issue is properly raised and litigated, this court may reconsider what we said in the Brown case and require a higher standard of performance by defense counsel. See, Kamisar, LaFave, & Israel, Modern Criminal Procedure, pp. 60 to 63.