STATE v. JACK B. HANSEN.
JACK B. HANSEN v. STATE.

244 N. W. 2d 158.

July 9, 1976—Nos. 45015, 45902.

*Connolly & Heffernan* and *John S. Connolly,* for appellant.
*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County
Attorney, and *Vernon E. Bergstrom, Phebe S. Haugen, Lee
Barry,* and *David W. Larson,* Assistant County Attorneys, for
respondent.

PER CURIAM.
Defendant was found guilty by a district court jury of a charge
of aggravated robbery, Minn. St. 609.245, and was sentenced by
the trial court to a maximum indeterminate term of 20 years'
imprisonment. While defendant's direct appeal was pending, we
granted his motion to stay the appeal and to remand for a post-
conviction evidentiary hearing. The issue raised by defendant
at this hearing was whether the public defender who represented
him at trial had failed to provide effective representation. The
postconviction court denied defendant's petition for relief. This
appeal followed, and we affirm.

In State v. Taylor, 305 Minn. 558, 562, footnote 1, 234 N. W.
2d 586, 589 (1975), we forecast that in an appropriate case where
the issue is properly raised and litigated we might reconsider
our adherence to the traditional "farce or mockery of justice"

test in determining a claim of ineffective assistance of defense counsel in favor of a higher standard of performance test. The stated test, if actually applied in our own cases, is more than an unfortunate label. Our concern will be to develop an appropriate substitute for that test.[1] Although the issue was properly raised and litigated in this case, we do not squarely decide it, for we are persuaded that defendant is not entitled to retrial under any reasonable test of competence.

Affirmed.

---

[1] See American Bar Foundation Report on Incompetence of Defense Counsel (May 21, 1976 Draft) pp. 17-19 for a discussion of the "negligent-customary skill" type of standard or its variants.