STATE of Iowa, Appellee,

v.

Jerry L. BERRY, Appellant.

No. 58015.

Supreme Court of Iowa.

Nov. 17, 1976.

Gary B. Garrison, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and Raymond A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

The question here is whether § 780.1, The Code, entitles defendant, who was jointly indicted with an alleged confederate, to a separate trial on the charge of robbery with aggravation committed in violation of § 711.1, The Code. We hold it does, and we reverse because the trial court ordered him to stand trial with James Davis, the party

who was named in the same indictment with him.

Defendant and Davis were accused of robbing the Highlander Coin Laundry on July 17, 1974. After their joint indictment, defendant filed a written demand for separate trial. His motion was overruled. The two were tried together in 1974. That trial ended in a mistrial.

After the case was scheduled for a second trial date, defendant renewed his demand under § 780.1. Again his motion was overruled. This trial resulted in a verdict of guilty, a subsequent sentence of 25 years in the penitentiary, and this appeal.

The parties agree this is a case of first impression under the statute, which we set out in full:

"When two or more defendants are jointly indicted for *felony*, any defendant requiring it may be tried separately; in *other cases* defendants jointly indicted may be tried separately or jointly, in the discretion of the court." (Emphasis added.)

This appeal presents two specific problems. First, we must decide what the language "any defendant requiring it" means. Then we must determine whether the word "may" as used in this statute is mandatory or permissive.

Turning our attention first to the meaning of "requiring" as used in this statute, we note that the word has a number of possible meanings. The State argues "require" should be interpreted to mean a separate trial will be allowed only when it is necessary to avoid injustice. Defendant, on the other hand, insists the word means that a separate trial is his upon demand.

In *Harwood v. Dysart Consolidated School District*, 237 Iowa 133, 138, 21 N.W.2d 334, 336 (1946) we said:

"The dictionary definition of 'require' may be to 'demand', or 'to exact', or 'to enforce.' "

*See also* Black's Law Dictionary, (Revised 4th Ed., 1968), page 1468; World Book Dictionary (1974), page 1758; Random House Dictionary (1966), page 1219.

■ Although a plausible argument may be made for the State's position, we are satisfied that, as used in this statute, "requiring" means a defendant charged with a felony who demands a separate trial is entitled to it.

This meaning is made more certain by the rest of the statute, which distinguishes felonies from "other cases." The statute specifically provides that, when one is charged with a crime other than a felony, he may have a separate trial only at the discretion of the trial court. As touching on this matter, *see State v. Wilson*, 235 Iowa 538, 542, 543, 17 N.W.2d 138, 141 (1945); *State v. Moore*, 217 Iowa 872, 880, 251 N.W. 737, 740 (1933).

If a separate trial was to be granted only at the discretion of the trial court in felonies as well as in "other cases," the last part of this section would have been unnecessary.

■ In statutory interpretation we seek a meaning which is both reasonable and logical and try to avoid results which are strained, absurd, or extreme. *Janson v. Fulton*, 162 N.W.2d 438, 442 (Iowa 1968). We also try to give meaning and effect to every part of the statute. *Iowa Civil Rights Commission v. Massey-Ferguson, Inc.*, 207 N.W.2d 5, 7 (Iowa 1973); *Goergen v. State Tax Commission*, 165 N.W.2d 782, 785 (Iowa 1969); *Boomhower v. Cerro Gordo County Board of Adjustment*, 163 N.W.2d 75, 76 (Iowa 1968). See *Cedar Memorial Park Cemetery Assn. v. Personnel Assoc., Inc.*, 178 N.W.2d 343, 347, 348, 350 (Iowa 1970) and *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969).

■ The primary rule of statutory construction is to give effect to the intention of the legislature. *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue*, 224 N.W.2d 437, 440 (Iowa 1974).

Applying these principles to the present controversy, we hold the legislative intent was to allow a defendant who was jointly indicted in felony cases a separate trial at his request.

■ This brings us to the second problem—the effect to be given the word "may" in the statute. In *Schultz v. Board of Adjustment*, 258 Iowa 804, 810, 139 N.W.2d 448, 451–452 (1966) we said:

> "Of course, the word 'may' normally implies permissive rather than mandatory action or conduct. (Citations) However, the word has been and is to be construed as mandatory, or the equivalent of 'shall' where logic and context so require. *Thorson v. Board of Supervisors*, 249 Iowa 1088, 1095, 90 N.W.2d 730 [734]; *Struhm v. City Council of City of Berkley*, 229 Cal.App.2d 278, 40 Cal.Rptr. 230, 232; and *Dilger v. School District*, 222 Or. 108, 352 P.2d 564, 568."

We hold the use of the word "may" in this statute by logic and context means the equivalent of the word "shall." As already indicated, to hold otherwise would be to render an important part of the statute meaningless and, perhaps even more important, absurd. Consequently, a defendant jointly indicted on a felony charge is entitled to a separate trial as a matter of right. The trial court was wrong in ruling otherwise.

This conclusion finds support in *State v. Robinson*, 271 Minn. 477, 136 N.W.2d 401, 403–404, *cert. denied*, 382 U.S. 948, 86 S.Ct. 410, 15 L.Ed.2d 356 (1965). A later statutory amendment changed the Minnesota rule. *See State v. Swenson*, 301 Minn. 199, 221 N.W.2d 706, 708 (1974).

Further discussion of this problem is probably unwarranted because, like the Minnesota amendment, the new Iowa Criminal Code, effective January 1, 1978, provides a separate trial under circumstances like those existing here may be had only when the court determines a joint trial would result in prejudice to one or more of the parties. *See* Rule 6(4)(b) under § 1301, S.F. 85, 66th G.A., Regular Session (1976).

■ For the reasons heretofore set out, we hold defendant was entitled to a separate trial as a matter of right and that the trial court erred in refusing to grant his motion. The case is reversed and remanded for new trial.

REVERSED AND REMANDED.