STATE of Minnesota, Respondent,

v.

Teresa STOCK, Appellant.

No. C2–84–1014.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Hubert H. Humphrey, III, State Atty. Gen., Linda F. Close, Deputy Atty. Gen., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Teresa Stock was convicted of kidnapping in violation of Minn.Stat. § 609.25, subd. 1(4) (1982), subd. 2(2) (1982). She claims she is entitled to a new trial because she was improperly jointly tried along with a co-defendant. We agree, reverse and remand for a new trial.

## FACTS

The facts of this case are contained in *State v. Hodge*, a companion case filed today.

Stock was sentenced to 24 months in prison, pursuant to the Minnesota Sentencing Guidelines.

## ISSUE

Did the trial court err in ordering that appellant be tried jointly with a co-defendant?

## ANALYSIS

### I.

In *State v. Southard*, 360 N.W.2d 376 (Minn.Ct.App.1985), we recently discussed the principles in a case where defendants challenged the trial court's joinder of trials over their objections. As we stated:

> Minn.R.Crim.P. 17.03, subd. 2(1) provides:
>
>> When two or more defendants shall be jointly charged with a felony, they shall be tried separately provided, however, upon written motion the court in the interests of justice and not solely related to economy of time or expense may order a joint trial for any two or more said defendants.
>
> State policy favors strongly separate trials. *State v. Swenson*, 301 Minn. 199, 201, 221 N.W.2d 706, 708 (1974). Ordinarily a joint trial may not be ordered to spare the victim the trauma of testifying in multiple trials. *State v. Googins*, 255 N.W.2d 805 (Minn.1977) (defendant convicted of terroristic threats, indecent exposure, and disorderly conduct). However, the Minnesota Supreme Court has approved joint trials in cases where the crime was particularly terrifying, and/or where the victims were particularly frail or vulnerable. *State v. Gengler*, 294 Minn. 503, 504, 200 N.W.2d 187, 189 (1972) (multiple defendants charged with having sexual intercourse with and sodomizing 14 year old); *Swenson*, 301 Minn. at 202, 221 N.W.2d at 708 (aggravated robbery victims aged and in poor health).

*Southard*, 360 N.W.2d at 376.

 Another factor is whether the State's witnesses are sympathetic towards the defendants and/or openly hostile towards the prosecution. "It would be naive to think that the opportunity for such witnesses to rehearse and compare notes following a first trial would not affect the state's proof in a second trial." *State v. Strimling*, 265 N.W.2d 423, 432 (Minn. 1977). A further factor is whether the defendants acted in close concert such that a joint trial was needed to facilitate the jury's comprehension and appreciation of each defendant's role. *Id.*

In granting the State's motion to consolidate, the trial court stated:

> [The] witnesses in each of the above cases and that the evidence material to these cases will be, or could be, admissible in each case; if there is not consolidation of these cases for trial the complaining witness would be required to testify twice to the terrifying and degrading sexual acts, and other assaults, perpetrated upon her; that the complaining witness has already testified regarding the facts of this case in the omnibus hearing; similarly, the witnesses would be required to appear and testify in each trial at great inconvenience to them; The court further finds that neither defendant will be prejudiced by consolidation of their cases and that in the interest of justice to the witnesses, as well as the defendants, among others, along with some economy in time and money, there is no prohibition apparent to the court to

consolidation under Rules of Criminal Procedure 17.03, subd. 2(1).

As joint trials are the exception not the rule, we disagree with the trial court that this is an exceptional case warranting a joint trial. The witnesses for the State were the victim, a 23 year old woman with a college degree in criminal justice, her mother, Meryl Ostwald, a former mayor of Lakefield, and Randy Bush, the Chief of Police for Lakefield.

 The interests of justice do not mandate a joint trial. The victim Swensen was not frail or vulnerable. The trial court's reference to Swensen testifying to terrifying and degrading sexual acts and other assaults is unpersuasive. The defendants here were not on trial for sexual assault but for kidnapping, although evidence of sexual assault would be relevant evidence at the kidnapping trial. Swensen freely acknowledged that, while dating Hodge, she had a sexual relationship with him, but she also testified to one act of oral sex which was unconsented to while the three were on route.

However, this case comes nowhere near the trauma suffered by the victim in *Southard* where we characterized the attack as "vicious, brutal and dehumanizing." The defendants in that case forced an aerosol can into the victim's vagina, terrorized her with threats to brand and kill her and to rape and kill her child. Further, it does not appear that the defendants here acted in such close concert that a joint trial was needed to facilitate the jury's comprehension and appreciation of their role in the crime or that the State's witnesses were sympathetic towards the defendants.

We disagree that there was no prejudice as a consequence of the joint trial because while Stock and Hodge both relied on the defense of fabrication, Stock also relied on the defense that even assuming Hodge was guilty of kidnapping she did not do anything to facilitate the commission of that crime. Thus, we cannot say that it is highly unlikely the result of a separate trial for Stock would have been any different. *State v. Defoe*, 280 N.W.2d 38 (Minn. 1979). It appears that the joint trial was ordered solely on the basis of economy of time and expense. The Rules of Criminal Procedure specifically indicate a joint trial may not be based solely related to such interests. A new trial for Stock is warranted. Having ordered a new trial, we need not address Stock's other issues on appeal.

### DECISION

The trial court erred in ordering a joint trial over appellant's objection and appellant is entitled to a new trial.

Reversed and remanded for new trial.