Dean Anthony **DANIELSKI**, Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. C3–86–801.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Robert J. Labine, Douglas Broden, Robert J. LaBine & Associates, Grand Forks, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Cynthia E. Ostlie, Asst. Polk Co. Atty., Crookston, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

### FACTS

Bonita Danielski charged appellant Dean Anthony Danielski with eight criminal complaints containing several counts of criminal sexual conduct and intrafamilial sexual abuse. Bonita Danielski, 19, is the daughter of appellant's wife Janice Danielski. The victim alleged that she had been abused by appellant since the age of 9. She detailed several incidents of abuse that occurred from July 1980 to June 1983.

Defendant was convicted on four counts of criminal sexual conduct in the first degree, three counts of intrafamilial sexual abuse in the first degree and four counts of intrafamilial sexual abuse in the third degree. Appellant's motions for judgment notwithstanding the verdict and, in the alternative, a new trial were denied. The conviction was affirmed in *State v. Danielski*, 374 N.W.2d 322 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Dec. 13, 1985). Defendant then filed a petition for post-conviction relief, alleging ineffective trial counsel. He now appeals from the denial of his petition.

### DECISION

Appellant claims that he was denied his Sixth Amendment right to effective assistance of counsel as a result of his trial counsel's inadequate pretrial investigation, inadequate preparation of himself and defense witnesses, and failure to consider and present a defense grounded on the troubled psychological history of the victim.

Our scope of review of a post-conviction proceeding is limited to "the question of whether there is sufficient evidence to sustain the findings of the post-conviction court." *Barness v. State*, 290 Minn. 509, 510, 187 N.W.2d 111, 112 (1971). For appellant to succeed on his claims of ineffective assistance of counsel he must show, first, that the trial counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant must further establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Eling*, 355 N.W.2d 286, 293 (Minn.1984) (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Additionally, this court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065–66; *See State v. Irwin*, 379 N.W.2d 110, 115 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 23, 1986).

■ Appellant argues that his trial counsel conducted an inadequate pretrial investigation. Appellant claims that the trial attorney improperly relied on appellant's wife as the primary source for information upon which appellant's defense was based. Yet, appellant's defense was based on production of an alibi for each specific incident alleged. The best source for information on this defense would seem to be appellant's wife. She would best know, and have any records of, the activities of her husband and daughter. Consequently, there was sufficient evidence to support the trial court finding that trial counsel's pretrial investigation was adequate.

■ Appellant also argues that his trial counsel was not adequately prepared for trial. The record indicates that this was not the case. The post-conviction court noted that "[t]he case was long and involved, and defense counsel was obviously well prepared. Cross-examination was vigorous. Nine witnesses, including petitioner, were called to testify for the defense. There were numerous motions made both before and during the trial, and witnesses were vigorously cross-examined." The post-conviction court was well within the bounds of the evidence in finding that counsel was adequately prepared.

■ Finally, appellant argues that his trial counsel erred in not pursuing a defense based on the victim's troubled psychological history. First, trial counsel did cross-examine the victim concerning these problems and appellant testified to them on direct examination. Second, whether to pursue this line of defense is a question of trial tactics. Pursuit of such a strategy may have led the jury to conclude that the victim's psychological problems were caused by appellant's abuse. This might have inflamed the jury against appellant. Trial counsel, thus, could have validly decided not to focus on such an approach. Third, trial counsel could not have, as appellant suggests, introduced expert testimony on the issue of the victim's veracity, that issue being within the province of the jury. *See State v. Saldana*, 324 N.W.2d 227, 229 (Minn.1982). Clearly, there was sufficient evidence on this issue for the post-conviction court to have found that trial counsel was not ineffective.

We find there was sufficient evidence to support the post-conviction court's holding that appellant received effective assistance of counsel at trial. Trial counsel proceeded reasonably. Much of trial counsel's approach that appellant now claims as error are questions of trial tactics. Additionally, any inadequacy that might have existed does not seem to have been prejudicial.

Affirmed.