## STATE v. ELWOOD BROWN.[1]

March 11, 1932.

No. 28,689.

Theodore Hollister and Lathers & Hoag, for appellant.

Henry N. Benson, Attorney General, James E. Markham, Deputy Attorney General, and Harry E. Boyle, County Attorney, for the state.

[1]Reported in 241 N. W. 591.

OLSEN, J.

Appeal by defendant from an order denying his motion for a new trial. Defendant was tried on a charge of rape but convicted of the crime of attempted rape.

■ That the evidence of the state's witnesses, if believed by the jury, is sufficient to sustain the conviction is not seriously questioned. Defendant contends that the court should have directed a verdict of acquittal, not, as we gather from the record and arguments, on the ground that there is no evidence, if believed, sufficient to go to the jury, but rather on the ground that the testimony of the complainant and some of the other witnesses is so impeached and improbable as to be unworthy of credit. We do not propose to recite the evidence. We find it sufficient to sustain the conviction, and hold that the court did not err in denying the motion for a directed verdict of acquittal.

■ The principal complaint made and argued here is that the court excluded evidence offered by the defendant to show that the complainant, a girl of 18 years of age, had attended dances at three or four dance halls, which the proposed evidence of one witness characterized as "of questionable repute; that liquor was sold at these places." Defendant further offered to show that on several occasions she asked for and drank intoxicating liquor and on some occasions smoked cigarettes; that on one occasion she tussled with several "fellows"; that some of them lifted up her dress and she swore at them for so doing; and that on two occasions she was "under the influence of liquor."

Complainant had testified on cross-examination that she had been going to public dances and that she had attended dances at one of the places mentioned in the offer of proof as of questionable repute. She had denied that she drank liquor at one of these places, and testified that she had never been to one other place named in the offer of proof.

Defendant and two of his witnesses testified that complainant had a drink of liquor from a bottle brought by defendant on the night in question. There was testimony admitted that complainant

had been at two of the places named in the offer of proof. Defendant produced six or seven witnesses who testified that complainant's reputation for chastity was bad, and an equal number of witnesses who testified that his own reputation for truth and veracity and his general reputation were good. The state presented evidence of complainant's good reputation.

The offered evidence excluded by the court had no connection in time, place, or otherwise with the crime charged. If we assume, without so deciding, that evidence of specific acts, unconnected with the crime charged, is admissible in cases of this kind for the purpose of showing or tending to show want of chastity, as bearing on the question of consent, nevertheless there was no reversible error in excluding the offered evidence. One who undertakes to prove the unchastity of a young girl should be required to offer rather definite proof thereof. No such proof was offered. That complainant on some occasions drank liquor, once or twice was under the influence thereof, smoked a few cigarettes, attended dances at several dance halls, and was somewhat indiscreet in her behavior is not sufficient.

■ The extent to which counsel shall be permitted to bring into a criminal case extraneous matters and issues not connected with the crime charged, for the purpose of showing the probability or improbability of the existence of some fact in dispute, or to affect the credibility of the testimony of a witness as to such fact, rests largely in the discretion of the trial court. State v. Rose, 47 Minn. 47, 51, 49 N. W. 404; State v. McCoy, 112 Minn. 424, 427, 128 N. W. 465.

■ Other errors assigned on rulings made by the court on exclusion of evidence are covered by what has been said or are otherwise not important.

Order affirmed.