## CITY OF ST. PAUL v. DOUGLAS ANDORE WILLIER.

231 N. W. 2d 488.

June 27, 1975—No. 44987.

*Richard H. Knutson,* Legal Assistance of Ramsey County, Inc., for appellant.

*R. Scott Davies,* City Attorney, and *Philip B. Byrne* and *Frank E. Villaume III,* Assistant City Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty by a St. Paul municipal court jury of driving without a valid Minnesota driver's license, Minn. St. 171.02, and refusal to obey a lawful order of a peace officer, Minn. St. 169.02, subd. 2, and sentenced by the trial court to a term of 30 days in the workhouse with 15 days suspended. On this appeal from judgment of conviction, defendant contends that (1) the evidence against him did not justify a conviction of refusal to obey a lawful order, and that (2) he was denied a fair trial by the prosecutor's questioning of the arresting officers as to their lack of interest in the outcome and by his cross-examination of defendant as to his interest in the outcome. We affirm.

At defendant's trial, the state introduced evidence that on September 7, 1973, two St. Paul policemen observed defendant commit several traffic violations as he approached his St. Paul house; that they followed him to his house and, right after he got out of his car, asked him to produce a driver's license or other identification; but that defendant refused, using profanity and ordering the officers to leave his property.

Minn. St. 169.02, subd. 2, reads as follows:

"It is a misdemeanor for any person to willfully fail or refuse to comply with any lawful order or direction of any peace officer invested by law with authority to direct, control, or regulate traffic."

Defendant contends that this statute does not apply in this type of situation but only to one where a driver or other person refuses to comply with a peace officer's order regulating traffic. We reject this argument and hold that the statute does apply to defendant's conduct. See, People v. Martensen, 76 Cal. App. 763, 245 P. 1101 (1926); Township of East Brunswick v. Malfitano, 108 N. J. Super. 244, 260 A. 2d 862 (1970); City of Seattle v. Nave, 62 Wash. 2d 446, 383 P. 2d 491 (1963).

With respect to the prosecutor's direct examination of the police officers, it is true that the prosecutor improperly elicited

testimony from the officers as to their lack of interest in securing convictions, testimony which clearly is impermissible prior to an attempt by the defense to impeach the credibility of the officers. State v. O'Connor, 154 Minn. 45, 191 N. W. 50 (1922). However, defense counsel failed to object on the proper ground and therefore defendant must be deemed to have waived the right to challenge this testimony on appeal.

The final issue is whether the prosecutor deprived defendant of a fair trial by questioning him about his and his wife's knowledge that if convicted he could receive a fine or a jail term. It appears to be generally permissible for counsel to attempt to discredit a criminal defendant by emphasizing that he is a party and has an interest in the outcome.[1] However, we believe that the question was objectionable in that it informed the jury of the possible effect of their verdict. State v. DePauw, 243 Minn. 375, 68 N. W. 2d 223 (1955). Although we believe that the question was therefore improper, we do not believe that it prejudiced defendant because the evidence of defendant's guilt was strong and it is highly unlikely that the question influenced the jury in convicting defendant.

Affirmed.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.

---

[1] 3A Wigmore, Evidence (Chadbourn Rev.) § 968. This differs from the situation where a trial court in its instructions specifically refers to the fact that a jury in considering a defendant's credibility may consider defendant's interest in the outcome. State v. Dolliver, 154 Minn. 297, 191 N. W. 594 (1923); State v. Sailor, 130 Minn. 84, 153 N. W. 271 (1915).