STATE of Minnesota, Respondent,

v.

Steven L. GOOGINS, Appellant.

No. 46099.

Supreme Court of Minnesota.

June 3, 1977.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Richard G. Mark, Asst. Atty. Gen., St. Paul, Craig H. Forsman, Sp. Asst. Atty. Gen., St. Paul, Julius E. Gernes, County Atty., Winona, for respondent.

PER CURIAM.

Defendant, after a lengthy trial on a total of seven separate charges, was found guilty by a district court jury of terroristic threats, indecent exposure, and disorderly conduct, Minn.St. 609.713, subd. 1, 617.23, and 609.72, subd. 1(2) (3), and was sentenced by the trial court to a maximum 3-year term in prison with execution stayed. Defendant raises two issues on this appeal from judgment of conviction: (1) Whether the trial court erred in ordering a joint trial or in denying defendant's motion for mistrial after his two codefendants pleaded guilty during trial, and (2) whether the prosecutor committed misconduct in his closing statement by repeatedly arguing that the prosecution's witnesses had no motive for committing perjury and by suggesting that defendant did. We affirm.

1. Minn.St. 631.03 provides: .

"When two or more defendants shall be jointly indicted or informed against for a felony, they shall be tried separately provided, however, upon written motion, the court, in the interest of justice and not related to time or economy may order a joint trial for any two or more said defendants. In cases other than felonies, defendants jointly indicted or informed against may be tried jointly or separately, in the discretion of the court. In all cases any one or more of said defendants may be convicted or acquitted."

Rule 17.03, subd. 2, Rules of Criminal Procedure, continues this policy.

■ The trial court ordered a joint trial, apparently in order to spare the victim the trauma of testifying to the same facts in three separate trials. See, *State v. Gengler,* 294 Minn. 503, 200 N.W.2d 187 (1972). Without detailing the facts we believe that under the circumstances of this case the trial court should have denied the motion for a joint trial. However, the first day of trial was essentially devoted to the extent of damage done as a result of the defendants' acts, and at the end of that day the other two defendants pleaded guilty. Therefore, we have concluded that any error in ordering the joint trial did not result in prejudice to defendant.

■ As to the question of whether there was error in denying defendant's motion for a mistrial after his two codefendants pleaded guilty during the trial, we have again concluded that defendant has not shown that he was prejudiced by their guilty pleas. In fact, defense counsel, in his closing statement, tried to use to defendant's advantage the fact that the codefendants had pleaded guilty. He contrasted defendant's plea of not guilty with their pleas of guilty, implying to the jury that defendant would have pleaded guilty if he had been guilty.

2. In his closing statement, the prosecutor repeatedly used the rhetorical argument that the state's witnesses had no reason to perjure themselves, suggested that defendant had a reason to perjure himself because he was on trial, and argued that if the jury returned a verdict of not guilty, it would be calling a number of people liars who had no reason to lie. At the close of the argument defense counsel objected to the repeated references to perjury but the trial court, although agreeing that the prosecutor had gone too far, refused to give a curative instruction.

■ We believe that the prosecutor had a right to analyze the evidence and vigorously argue that the state's witnesses were worthy of credibility whereas defendant and his witnesses were not. Further, under this court's decision in *City of St. Paul v. Willier,* 304 Minn. 430, 231 N.W.2d 488 (1975), the prosecutor had a right to urge the jury to consider defendant's interest in the outcome in assessing his credibility. However, we also believe that "prosecutors tread on dangerous grounds * * * when they resort to epithets to drive home the falsity of defense evidence." *People v. Ellis,* 65 Cal.2d 529, 540, 55 Cal.Rptr. 385, 391, 421 P.2d 393, 399 (1966) (Traynor, C. J.). An argument such as that, made in this case,

with its repeated references to the crime of perjury, could affect the jury's ability to weigh the evidence dispassionately. Id. In an appropriate case, we will not hesitate to reverse on this ground.

Affirmed.