**STATE of Minnesota, Respondent,**

v.

**Robert Eugene CARTER, Appellant.**

**No. 48978.**

Supreme Court of Minnesota.

Oct. 19, 1979.

Connolly & Heffernan and John S. Connolly, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Kevin O'Connell, Asst. County Atty., Duluth, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the third degree under Minn. Stat. § 609.344(c) (1976) (using force or coercion to accomplish sexual penetration), and was sentenced by the trial court to a limited maximum prison term of 5 (instead of 10) years. On his direct appeal defendant challenges the sufficiency of the evidence on force or coercion, contends that the trial court erroneously admitted evidence of the fear experienced by the complainant after the alleged criminal act, and claims that the prosecutor committed prejudicial misconduct in his closing argument by making an appeal calculated to arouse sympathy for the complainant. We affirm.

1. Defendant's first contention is that the evidence of force or coercion was legally insufficient.

The evidence adduced at trial indicates that defendant, who was 35 at the time, drove complainant, who was 15, to an isolated area near Duluth and, although neither using actual force nor verbalized threats of force, intentionally created an atmosphere of fear which caused complainant to finally submit to his sexual advances. In short, our examination of the record reveals that the evidence that defendant used force or coercion to accomplish sexual penetration was sufficient.[1]

2. The second issue raised by defendant relates to the trial court's admission of evidence concerning the fear which the complainant experienced when defendant made her help change a flat tire on his car moments after the act of coerced penetration. Rule 403, R.Evid., provides that relevant evidence may be excluded if the trial court determines that its potential for unfair prejudice outweighs its relevance. Here the trial court overruled defendant's objection that the evidence in question had too great a potential for unfair prejudice, and we hold that the trial court did not abuse its discretion in so ruling.

3. Defendant's final contention is that the prosecutor unfairly and prejudicially appealed to the jury's sympathy for complainant in his closing argument. While the prosecutor did remind the jury of certain facts about the complainant's personal history which might have a tendency to evoke sympathy, the purpose of doing this was to counter a correctly anticipated defense argument that complainant's lack of emotion in reporting the offense to the police indicated that the offense never occurred. The prosecutor argued specifically that complainant's admitted lack of emotion was a result of her having been subjected to so much personal hardship that she had developed a cool unemotional veneer. This suggested inference was one based on facts in the record and the argument was proper in view of the defense counsel's emphasis on complainant's lack of emotion in reporting the offense. Further, the jury was cautioned against allowing any sympathy for complainant because of her past to affect its determination of the issue of guilt or innocence. Under all the circumstances, we conclude that the prosecutor's argument did not constitute prejudicial misconduct.

Affirmed.

---

1. The prosecutor admittedly erred in failing to charge defendant also under § 609.344(b), which provides that an "actor" may be guilty of third-degree criminal sexual conduct if he engages in sexual penetration with a complainant, if the complainant is between 13 and 16, and if the actor is more than 24 months older than the complainant. Admitting error, the prosecutor sought to amend the complaint shortly after the jury was selected, but the court denied the motion.