STATE of Minnesota, Respondent,

v.

Del F. MAR, Appellant.

No. 49542.

Supreme Court of Minnesota.

March 28, 1980.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, David W. Larson, Asst. County Atty., Thomas A. Weist, Minneapolis, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(e), (i) (1978) (causing personal injury to complainant while using force or coercion to accomplish sexual contact), and guilty of soliciting or inducing a person over eighteen years of age to practice prostitution, Minn.Stat. § 609.32, subd. 3(3) (1978). The trial court sentenced defendant to a limited term of five years in prison. On this appeal, defendant contends (1) that the state's evidence was legally insufficient to establish that he engaged in "sexual contact," and (2) that the trial court erred in striking and refusing to admit testimony by defendant that he knew complainant was a homosexual. We affirm.

1. Minn.Stat. § 609.341, subd. 11 (1978), defines "sexual contact" as including nonconsensual touching of the intimate parts of the complainant's body "for the purpose of satisfying the actor's sexual or aggressive impulses." The evidence established that defendant, an acquaintance of the complainant, visited her at her apartment one evening, forced her to remove her clothes, hit her with his hand, whipped her with a bent clothes hanger, and forced her to agree she would become a prostitute for him. The record indicates that statements made by defendant at the time of the offense support the conclusion that he was sexually and sadistically motivated in "touching" complainant's sexual organs. The evidence supports the conclusion that the "touching" was also for the purpose of satisfying defendant's aggressive impulses. The statute, includes both sexual and aggressive motivation in prohibited conduct.

2. Defendant also contends that it was error for the trial court to exclude his testimony that complainant was a homosexual offered both to impeach complainant's contention that she and defendant had twice voluntarily engaged in sexual relations and to lend credibility to his testimony that he did not attempt to induce complainant to become a prostitute.

Minn.R.Evid. 404(c) provides in relevant part:

(1) In a prosecution under Minn.Stats. 609.342 to 609.346, evidence of the victim's previous sexual conduct shall not be admitted nor shall any reference to such conduct be made in the presence of the jury, except by court order under the procedure provided in rule 404(c). Such evidence can be admissible only if the probative value of the evidence is not substantially outweighed by its inflammatory or prejudicial nature and only in the following circumstances:

(A) When consent of the victim is a defense in the case.

(i) evidence of the victim's previous sexual conduct tending to establish a common scheme or plan of similar sex-

ual conduct under circumstances similar to the case at issue, relevant and material to the issue of consent;

(ii) evidence of the victim's previous sexual conduct with the accused; or

(B) When the prosecution's case includes evidence of semen, pregnancy or disease at the time of the incident or, in the case of pregnancy, between the time of the incident and trial, evidence of specific instances of the victim's previous sexual conduct, to show the source of the semen, pregnancy or disease.

The comment to the rule indicates that evidence of previous sexual conduct is admissible to impeach testimony of the complainant with respect to her previous chastity.

Defendant first argues that the rule has no application here because the evidence referred to complainant's present sexual behavior rather than to her prior sexual activity. However, testimony offered to show she had a history of homosexual relationships is clearly within the exclusionary rule 404(c).

Defendant argues that the testimony tended to impeach complainant's claim that she twice had had intercourse with him and was relevant to show he would not be likely to enlist a known homosexual as a prostitute. However, we are of the opinion that the trial court was justified in excluding the proposed testimony because its potential for harm substantially outweighed any probative value it may have had.

Affirmed.