STATE of Minnesota, Respondent,

v.

Michael Dean DORNACK, Appellant.

No. C4–81–1145.

Supreme Court of Minnesota.

Feb. 18, 1983.

C. Paul Jones, Public Defender, Robert E. Salmon and O.C. Adamson, Sp. Asst. Public Defenders, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1982). The trial court sentenced defendant to 54 months in prison, which is the presumptive sentence for this offense (severity level VIII) by a person with defendant's criminal history score (one). On this appeal from judgment of conviction defendant seeks an outright reversal of his conviction on the ground that the evidence that the penetration was nonconsensual was legally insufficient. Alternatively, he seeks a new trial on the ground that his constitutional right to confront witnesses against him was violated by the trial court's refusal to admit evidence concerning prior sexual conduct of the victim. We affirm.

1. This is a case of so-called "acquaintance rape." The victim delayed reporting the rape for several hours. Defendant, who was arrested a short time after the victim reported the rape, gave a statement to police in which he denied that he was with the victim and denied ever having had sexual intercourse with her. However, subsequently, after analysis of samples taken in the sexual assault examination established that intercourse had occurred, defendant changed his story and, while admitting that intercourse occurred, claimed that the intercourse was consensual. In view of the positive and unimpeached nature of the victim's testimony and the evidence corrob-

orating her testimony, we reject defendant's contention that the evidence was insufficient to establish that the penetration was nonconsensual. *State v. Ani,* 257 N.W.2d 699, 700 (Minn.1977).

2. The only other issue is whether the trial court violated defendant's constitutional right to confront his accuser when the court refused to admit evidence concerning certain sexual conduct of the victim some 5 years before the incident in question. The trial court ruled that the evidence was remote and of extremely limited relevance and that the potential of the evidence for unfair prejudice significantly outweighed its probative value. We hold that the trial court did not err in its ruling. Minn.R.Evid. 404(c)(1).

Affirmed.