STATE of Minnesota, Respondent,

v.

John G. TIENTER, Appellant.

No. C1–82–805.

Supreme Court of Minnesota.

Sept. 9, 1983.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., and James B. Early, Spec. Asst. Attys. Gen., Fred Kraft, County Atty., Austin, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of a felony charge of aggravated criminal damage to property and a misdemeanor charge of driving after revocation, Minn.Stat. §§ 609.595, subd. 1(3) and 171.24 (1982). The trial court sentenced defendant

to 1 year and 1 day in prison for the felony offense but stayed execution of sentence and placed defendant on 5 years of probation, with probation conditioned on defendant spending 5 months in jail (3 if he participated in a criminal dependency treatment program) and on defendant making full restitution. The court sentenced defendant to a stayed term of 30 days in jail and a $100 fine for the misdemeanor offense. Defendant is free on bond pending this appeal. His appeal raises four issues: (1) whether the evidence identifying him as the person who caused the damage was legally insufficient; (2) whether the trial court prejudicially erred in permitting a sheriff's deputy to estimate the cost of repairing two of the three automobiles damaged by defendant; (3) whether defendant's trial counsel failed to represent him adequately; and (4) whether the prosecutor committed prejudicial misconduct in her closing argument. We affirm.

█ There is no merit to defendant's contention that the evidence of his guilt of the aggravated criminal damage charge was legally insufficient. The state's evidence established that, after having an argument with two people in a bar, defendant left the bar and intentionally smashed his car into the cars of those two people, thereby also damaging the car of a third person.

█ One of the elements of the felony charge was that the damage caused by defendant exceeded $300. Three cars were damaged. One of the car owners testified, without objection, that his car was damaged in the amount of $243. The testimony which defendant contends was erroneously admitted was that of a sheriff's deputy, who expressed the opinion that it would cost $300 to $500 to repair one of the other two cars and $150 to $200 to repair the third car. Defendant contends that the deputy was not qualified to give this opinion. The deputy testified that he had received training in automobile-accident investigation, had investigated many accidents, had made estimates as to damages in

many cases, and had compared his estimates with those of body shops. We hold that the trial court did not abuse its discretion under Minn.R.Evid. 702 in overruling the objection to the testimony.

█ Defendant bases his claim of inadequate representation by his trial counsel on the counsel's failure to seek severance of the felony charge from the misdemeanor charge and on the counsel's failure to request a cautionary instruction limiting the jury's consideration of the evidence relating to the misdemeanor charge. As we stated in *State v. Zernechel,* 304 N.W.2d 365, 367 (Minn.1981):

> Generally, an appeal from a judgment of conviction, such as this, is not the most appropriate way of raising an issue concerning the effectiveness of the trial counsel's representation because we do not have the benefit of all the facts concerning why defense counsel did or did not do certain things.

In view of defendant's failure to seek such a hearing, defendant's only hope of prevailing on the issue on this appeal is to establish that nothing defense counsel could have said at a postconviction hearing would have justified his failure to move for severance or his failure to seek a cautionary instruction. Defendant has not done this.[1]

█ Defendant's final contention is that the prosecutor committed prejudicial misconduct in her closing argument. Given defense counsel's failure to object to any of the statements in question, defendant is deemed to have forfeited his right to have the issues considered on appeal.

Affirmed.

1. *See State v. Moore,* 274 N.W.2d 505 (Minn. 1979), for a discussion of some of the reasons of strategy that might lead a defense counsel not to seek severance.