STATE of Minnesota, Respondent,

v.

Jimmie E. BOOKER, II, Appellant.

No. C5–82–1021.

Supreme Court of Minnesota.

May 25, 1984.

Phillip S. Resnick, Robert G. Davis, Jr., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Appellate Sec., Richard Osborne, Asst. County Atty., J. Michael Richardson, Asst. County Atty.,

Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

▬▬▬▬▬▬▬▬

SCOTT, Justice.

Defendant was found guilty by a district court jury of kidnapping and criminal sexual conduct in the first degree, Minn.Stat. §§ 609.25, subd. 1(2) and 2(1), and 609.-342(c) (1982). The trial court sentenced him to 43 months in prison for the sex offense, which is the presumptive sentence for that offense when committed by a person with defendant's criminal history score (zero). On this appeal, defendant contends (1) that his convictions should be reversed outright because the state failed to prove that he kidnapped the victim and that the sexual conduct was nonconsensual; (2) that he should be given a new trial because (a) the trial court erred in refusing to permit defense counsel to cross-examine the complainant about certain prior sexual conduct, (b) the trial court erred in admitting evidence of complainant's physical and emotional condition immediately after the incident, and (c) the prosecutor committed prejudicial misconduct in his closing argument by characterizing defendant as a liar; (3) that at least his conviction of criminal sexual conduct in the first degree should be reduced to one of criminal sexual conduct in the third degree because the state failed to prove that the complainant reasonably feared imminent great bodily harm if she refused to comply with defendant's demands; and (4) that, failing all else, at least the case should be remanded for resentencing because the presentence investigation report, which presented defendant as a dangerous and predatory person, was based on hearsay information in violation of defendant's right to due process and right to confront his accusers. We affirm.

■ 1. Defendant's first contention is that the state failed to prove that he kidnapped the victim and raped her and that therefore his conviction should be reversed outright. There is no merit to this contention. The state's evidence established that defendant, while claiming he had a knife, kidnapped the victim from the parking lot of a Richfield bar and drove her in her car to a different location, where he subjected her to multiple acts of forced penetration. Erroneously concluding from the fact of submission that the victim liked him and that she was willing to have a consensual relationship with him, defendant gave her his name, place of employment and telephone number and urged her to call him the next day and set a date. The victim, who promptly reported the incident to the police, agreed with police to call defendant as he suggested and tape record the conversation. In this conversation, the tape of which was played at trial, defendant made a number of inculpatory statements corroborating the victim's ·claim that she was raped. Defendant was arrested by police later that night when he went to a bowling alley where the victim agreed to meet him.

2. Defendant's contention that he was denied a fair trial and that therefore a new trial is required is based on three separate arguments.

■ (a) First, defendant argues that the trial court erred in refusing to allow defense counsel to cross-examine the complainant about an act of consensual sexual intercourse that occurred with a different man about a week before the alleged offense. The issue at trial was consent, but the evidence did not establish "a common scheme or plan of similar sexual conduct under circumstances similar to the case at issue, relevant and material to the issue of consent." Minn.R.Evid. 404(c)(1)(A); see State v. Dornack, 329 N.W.2d 839 (Minn. 1983) (holding that in case of so-called "acquaintance rape," trial court did not err in refusing to admit evidence concerning prior sexual conduct of the victim some 5 years before the incident in question). Although we have indicated that there will be cases not covered by Rule 404(c) in which, under the constitution, evidence of the complainant's sexual conduct must be admitted notwithstanding the ban of the rule, this clear-

ly is not such a case. *Cf. State v. Caswell,* 320 N.W.2d 417, 419 (Minn.1982).

■ (b) Defendant next argues that the trial court erred in admitting evidence concerning the complainant's physical and emotional condition shortly after the incident. This evidence was properly admitted because it tended to corroborate the victim's testimony and bore on her mental state at the time of the offense. *See State v. Carter,* 289 N.W.2d 454, 455 (Minn.1979) (upholding admission of evidence concerning the fear which a sexual assault victim experienced when the defendant made her help change a flat tire on his car after the act of coerced penetration). Defendant's reliance on *State v. McGee,* 324 N.W.2d 232 (Minn. 1982), and *State v. Saldana,* 324 N.W.2d 227 (Minn.1982), is misplaced. Those cases dealt with admission of expert testimony of rape trauma syndrome to establish that a rape occurred. No such evidence was admitted in this case.

■ (c) Defendant's final claim of trial error relates to a statement by the prosecutor in closing argument in which he argued that although defendant claimed that the victim lied in her testimony, that in truth it was defendant who lied in his testimony. In *State v. Googins,* 255 N.W.2d 805, 806 (Minn.1977), we stated:

We believe that the prosecutor had a right to analyze the evidence and vigorously argue that the state's witnesses were worthy of credibility whereas defendant and his witnesses were not. Further, under this court's decision in *City of St. Paul v. Willier,* 304 Minn. 430, 231 N.W.2d 488 (1975), the prosecutor had a right to urge the jury to consider defendant's interest in the outcome in assessing his credibility. However, we also believe that "prosecutors tread on dangerous grounds * * * when they resort to epithets to drive home the falsity of defense evidence." *People v. Ellis,* 65 Cal.2d 529, 540, 55 Cal.Rptr. 385, 391, 421 P.2d 393, 399 (1966) (Traynor, C.J.). An argument such as that made in this case, with its repeated references to the crime of perjury, could affect the jury's

ability to weigh the evidence dispassionately. *Id.* In an appropriate case, we will not hesitate to reverse on this ground.

The general standard for granting a new trial based on prosecutorial misconduct is whether "the misconduct, viewed in the light of the whole record, appears to be inexcusable and so serious and prejudicial that defendant's right to a fair trial was denied." *State v. Wahlberg,* 296 N.W.2d 408, 420 (Minn.1980). The prosecutor's statement, at worst, was a statement on the borderline between proper and improper comment and it clearly was not so serious and prejudicial a misstatement as to deny defendant his right to a fair trial.

■ 3. Defendant next contends that his conviction for criminal sexual conduct in the first degree should be reduced to one for criminal sexual conduct in the third degree because the state failed to prove that the victim was in reasonable fear of imminent great bodily harm. He contends that if the state's evidence in this case was sufficient to prove this, then there is no meaningful distinction between section 609.342(c) and section 609.344(c). The complainant testified that defendant said that he had a knife and that she believed he did and that she feared that she might die if she did not comply with his demands. Considering this evidence in connection with the other evidence, we hold that the jury was justified in concluding that the victim was in reasonable fear of imminent great bodily harm. *State v. Smith,* 333 N.W.2d 879 (Minn.1983). Defendant's contention that an affirmance in this case will render meaningless any distinction between section 609.342(c) and section 609.344(c) is identical to that expressly rejected in *State v. Lattin,* 336 N.W.2d 270 (Minn.1983).

■ 4. Defendant's final contention is that the case should be remanded for resentencing. Defendant bases this on the fact that the presentence investigation report, which presented defendant as a dangerous and predatory person, was based on hearsay information. It appears that the

trial court was considering releasing defendant on bond pending appeal but that the court changed its mind after reading the presentence investigation report. Defense counsel objected, arguing that the conclusion of the presentence investigation report was based on hearsay. However, no hearing was requested at which he could challenge that information. *See* Minn.R. Crim.P. 27.03, subd. 1. Under the circumstances, we hold that defendant forfeited his right to have this issue considered on appeal.

Affirmed.