STATE of Minnesota, Respondent,

v.

Robert E. JOHNSON, Appellant.

No. C7–84–960.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Robert Johnson was convicted of first degree criminal sexual conduct, Minn.Stat. § 609.342(a) (1982), first degree assault, Minn.Stat. § 609.221 (1982), and third degree assault, Minn.Stat. § 609.223 (1982) for physical and sexual attacks committed on two young children. On appeal he asserts the insufficiency of evidence, prosecutorial misconduct in closing argument, ineffective defense counsel, and improper durational departure at sentencing. We affirm.

## FACTS

On July 19, 1982, according to evidence from the state, Tyka Nelson left her two healthy young children, ages 27 months and 7 months, at her Minneapolis apartment in the care of her then boyfriend, the appellant. No one else was in the apartment. She went to a bar with her friend, Vera Miller, who was appellant's cousin.

When they returned, about two hours later, appellant was holding the two year old. The child had a bruised face, cut lip, and messed hair. Appellant said the child had fallen. The youngest child was crying. Both children were then taken to Miller's house, and the next day were taken for medical examination.

The two year old was diagnosed as having a skull fracture, bruises on his face, fingers, buttocks, and scrotum area, and lacerations near the anus and into the rectum that were caused by penetration of the anal opening. The 7 month old child had a skull fracture and a fracture of his lower leg. These injuries occurred on July 19, 1982. Both children were treated and released from the hospital one week later.

Tyka Nelson testified that appellant admitted that he had "slapped" and "kicked" the two year old.

The prosecution introduced *Spreigl* evidence that on June 9, 1982, the two year old had sustained bruises and bite marks after being left in the care of appellant. Appellant had told Tyka Nelson that he was playing with the child but had bit him too hard.

Appellant did not testify at trial but raised the defense of alibi through testimony of his witnesses. His current girlfriend testified that he was in Iowa on July 19, 1982, and another witness said she had not seen appellant in Minneapolis on July 19, 1982.

Following appellant's conviction for first degree criminal sexual conduct and first degree assault against the two year old, appellant was sentenced to 152 months in prison for the sexual assault. This constituted a double durational departure from the presumptive sentence under the sentencing guidelines. No separate sentence was imposed for the assault. Appellant was also convicted of third degree assault against the 7 month old child, and for this offense the trial court imposed a 21-month concurrent sentence.

## ISSUES

1. Was the evidence sufficient to convict?

2. Did the prosecutor commit misconduct?

3. Was appellant denied effective assistance of counsel?

4. Was the sentencing departure justified by substantial and compelling circumstances?

## ANALYSIS

### I.

■ Appellant's claim that the evidence was insufficient is without merit. In examining the record we have utilized the standard of review announced by the Minnesota Supreme Court:

> In reviewing a claim of sufficiency of the evidence we must determine whether, under the facts in the record and any legitimate inferences that can be drawn from them, a jury could reasonably conclude that the defendant was guilty of the offense charged * * *. The evidence must be viewed in the light most favorable to the prosecution and it is necessary to assume that the jury believed the state's witnesses and disbelieved any contrary evidence.

*State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981).

■ Evidence showed that the children were uninjured before they were left in appellant's exclusive care and abuse was inflicted on them while in appellant's care. From the facts of record, the jury could reasonably reject attacks on credibility of prosecution witnesses. Appellant's alibi witnesses were reasonably disbelieved by the jury. The record supports the jury's verdict that appellant was the perpetrator of the attacks on the children.

### II.

■ 1. Appellant claims the prosecutor misstated the evidence in closing argument. The prosecutor stated:

> The evidence is that Mr. Johnson either did these attacks, or as the defense would have you believe, that Tyka Nelson, the mother of these two children, sexually and physically abused her own children.
>
> And then on top of it, the defense would have you believe that in June of 1982, Tyka Nelson did in fact, the same thing.

That she took her oldest boy, [S], she beat him about the head and the ears, she beat the bottoms of his feet, that she bit him all over his body and that then she tried to penetrate him with some object in his rectum, as well.

Oh yes. And further, they would also have you believe that—that on July 19th, that then after Tyka had beaten [S], that then she turned on her baby—her seven month old baby, and struck him with some object that fractured his skull, and either struck him with some sort of object or propelled him against something that caused him to break a leg. All of this done by the mother of two children.

Appellant claims the defense never asserted or implied that Tyka Nelson abused her children. However, the cross-examination of Nelson included the following exchange:

Q. [by defense counsel] And you don't know how they got hurt, unless you hurt them, do you?

A. [by Tyka Nelson] No.

Q. And did you spank those children ever?

A. Yes. Off and on I would.

Q. Off and on. Both the baby and the other one, didn't you?

A. I would spank the baby on his hands, legs, maybe.

Q. That's [K] or [P]?

A. Right.

Q. You spanked [S] once in a while when he didn't mind, didn't you?

A. Yes.

Q. So you might have left some marks on his back there, didn't you, in June?

A. No. I didn't hit him that hard.

Q. But you had hit him around that time, hadn't you?

A. I hit my children when they don't act right, still.

Q. And you still hit them?

A. Yes.

Given this line of questioning, the prosecutor was entitled to anticipate and rebut the possible defense argument that Tyka Nelson herself abused the children. *See State v. Carter,* 289 N.W.2d 454, 455 (Minn.1979).

■ Greater concern is prompted by this argument of prosecutor:

If you, as members of the jury, vote not guilty to any of these charges it's because you believe the defendant. It's because you believe that Tyka Nelson must have committed these crimes.

This was improper because the defense denied culpability, and it was clear from the testimony that defense counsel was going to argue that an unknown third person could have committed the crimes. However, defense counsel did not object to this but instead responded in his final remarks. The jury was properly cautioned and instructed on the State's burden of proving that appellant committed the acts. Further, in light of the overwhelming evidence against appellant it is unlikely the comment played a significant role in convicting appellant. We conclude the misconduct was not unusually serious such that we must determine the error was harmless beyond a reasonable doubt. *State v. Caron,* 300 Minn. 123, 218 N.W.2d 197 (1974).

2. Appellant also claims the prosecutor improperly expressed her personal opinion as to the guilt of the appellant and on the veracity of witnesses. She stated:

And finally this morning he pulled out his last—his last card, which was to create a phony alibi.

He got two young women, his current girl friend and his boy friend's sister ...
* * * to get up and tell you what was obviously a total lie, total fabrications. Everything connected with the defendant is a lie. If you, as members of the jury, vote not guilty to any of these charges it's because you believe the defendant. It's because you believe that Tyka Nelson must have committed these crimes. It's because you believe that he must have been in Des Moines at the time, and

therefore believe the lies that he's told.
* * *.

■ The prosecutor may analyze the evidence and vigorously argue that defendant and his witnesses lack credibility. *State v. Googins,* 255 N.W.2d 805, 806 (Minn.1977). At worst, the statements were borderline between proper and improper comment but were clearly not so serious and prejudicial a misstatement as to deny appellant his right to a fair trial. *State v. Booker,* 348 N.W.2d 753, 755 (Minn.1984). Moreover, defense counsel made no timely objection and the jury was instructed to consider only the evidence and that counsel's final argument was not evidence. *State v. Ture,* 353 N.W.2d 502, 516–17 (Minn.1984).

### III.

■ Appellant claims he was denied effective defense counsel because his lawyer failed to contact additional witnesses in Iowa who might substantiate his alibi, and because the lawyer failed to introduce evidence that sexual assault test results were negative.

Appellant has not shown that his defense counsel could not have justified his actions regarding contact with alibi witnesses, or proof of results of a sexual assault exam. *State v. Tienter,* 338 N.W.2d 43, 44 (Minn. 1983). The record does not show that defense counsel was incompetent, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

### IV.

■ Appellant disputes justification for the double durational departure of 152 months in his sentence for criminal sexual conduct in the first degree against the two year old child. We disagree. The victim was particularly vulnerable due to age and was treated with particular cruelty. These facts constitute substantial and compelling circumstances justifying departure. Min-

nesota Sentencing Guidelines II.D.2.b.(1) and (2); *State v. Partlow*, 321 N.W.2d 886 (Minn.1982). The reasons for departure were stated by the trial court at sentencing, and "the court's statements on the record at the time of sentencing adequately explained the court's reasoning." *State v. Martinez*, 319 N.W.2d 699, 700 (Minn.1982).

### DECISION

Evidence was sufficient to convict appellant and neither prosecutorial misconduct nor alleged ineffective counsel justify a new trial or a reversal. Appellant's sentence of 152 months, constituting a double durational departure, was supported by substantial and compelling reasons.

Affirmed.