**STATE of Minnesota, Respondent,**

v.

**William Frederick RODEN,
Petitioner, Appellant.**

**No. C1–85–740.**

Supreme Court of Minnesota.

April 11, 1986.

C. Paul Jones, Public Defender, Laura S. Underkuffler, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David J. Johnson, Koochiching Co. Atty. International Falls, for respondent.

AMDAHL, Chief Justice.

Defendant was convicted by a district court jury of theft by check, Minn.Stat. § 609.52, subd. 2(3)(a) (Supp.1985), and was sentenced by the trial court to a stayed 13-month prison term conditioned on jail time and payment of a fine, restitution, and court costs. The Court of Appeals affirmed his conviction. *State v. Roden,* 380 N.W.2d 520 (Minn.App.1986). We granted his petition for further review but only for the limited purpose of addressing the issue raised by the trial court's refusal to submit the lesser offense of issuance of a worthless check, Minn.Stat. § 609.535, subd. 2 (1984).

The Court of Appeals held that issuance of a worthless check is not a lesser included offense under Minn.Stat. § 609.04 (1984) and that therefore it was not error for the trial court to refuse to submit it. Section 609.04, subd. 1, defines an included offense as any of the following:

(1) A lesser degree of the same crime;

(2) An attempt to commit the crime charged;

(3) An attempt to commit a lesser degree of the same crime;

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

*Id.,* subd. 1. Defendant argues that, under subdivision 1(4), the lesser offense of issuance of a worthless check is an offense necessarily proved if the crime of theft by check is proved.

In determining whether an offense is a necessarily included offense, we must look at the elements of the offense rather than the facts of the particular case. *State v. Coleman,* 373 N.W.2d 777, 780–81 (Minn.1985). A lesser offense is necessarily included in a greater offense if it is impossible to commit the latter without also committing the former. *See LaMere v. State,* 278 N.W.2d 552, 558 (Minn.1979).

The lesser offense of issuance of a worthless check is proved by evidence that the defendant issued a worthless or bad check, intending at the time of issuance that the check not be paid. *State v. Williams,* 324 N.W.2d 154, 159–60 (Minn.1982); Minn.Stat. § 609.535, subd. 2; 10 Minnesota Practice, Minnesota District Judge's Association CRIMJIG 16.30–.31 (1985). The greater offense of theft by check involves a defendant issuing a check knowing he is not entitled to do so (*i.e.,* knowingly issuing a bad check) as part of a scheme whereby he intentionally defrauds another person into transferring property to him. *Williams,* 324 N.W.2d at 157–59; Minn. Stat. § 609.52, subd. 2(3)(a); 10 Minnesota Practice, Minnesota District Judges Association, CRIMJIG 16.05–.06 (1985). Looking at the elements in the abstract, as we must, we conclude that one cannot commit the greater offense of theft by check without necessarily committing the lesser offense of issuance of a worthless check. In support of this, see 10 Minnesota Practice, Minnesota District Judges Association CRIMJIG 16.31 comment (1985), stating that the instruction on the misdemeanor offense of issuance of a worthless check was included in the Criminal Jury Instruction Guide (which is primarily a felony jury instruction guide) because the crime "will

frequently be charged as a lesser-included offense to the felony [of theft by check]."

 However, although issuance of a worthless check is a lesser-included offense, the trial court in this case was not obliged to submit it. A trial court must grant a request for the submission of a lesser-included offense only if the evidence rationally would permit the jury to acquit the defendant of the charged offense and find him guilty of the lesser offense. *State v. Leinweber*, 303 Minn. 414, 422, 228 N.W.2d 120, 125–26 (1975). Petitioner claimed that he was the victim of a mix-up and that he had no criminal intent of any kind, not even the kind involved in issuing a worthless check. Under the circumstances, there was no rational basis for submitting the lesser offense, the evidence being such that the only real issue for the jury was whether defendant was guilty as charged or not guilty at all. *See State v. Abraham*, 338 N.W.2d 264, 266 (Minn. 1983).

In summary, we hold that the lesser offense of issuance of a worthless check is necessarily included within the more serious offense of theft by check, but that the trial court did not err in refusing to submit the lesser offense in this case.

Affirmed as modified.