**STATE of Minnesota, Respondent,**

v.

**Bennie Lee WILLIAMS, Appellant.**

**No. C2–86–1339.**

Court of Appeals of Minnesota.

April 7, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Co. Atty., Ver-non E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and STONE,* JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Bennie Lee Williams was charged with burglary in the second degree in violation of Minn.Stat. § 609.582, subd. 2(a). A jury trial resulted in a verdict of guilty, and appellant appealed from that verdict. We affirm.

## FACTS

On March 13, 1986, at approximately 1:00 p.m., Minneapolis police responded to a call of a burglary in progress at 1400 Spruce Place, Apt. #2. Upon arriving on the scene, police assumed custody of appellant Bennie Lee Williams. Appellant had been stopped outside the apartment building by a security guard summoned from a nearby hospital by a resident of the building who had observed someone breaking into apartment #2.

Appellant, who was carrying a small silver backgammon case and a brown duffel bag, told police that the bag and its contents were his and that he had been in the building looking for an apartment to rent. Officers pat searched appellant and found a pair of vise grips in his front pocket. Appellant was then handcuffed, placed in the back of the squad, and advised of his rights per *Miranda*. The backgammon set and various items found in the duffel bag were later identified as property stolen from apartment #2.

Appellant testified at trial that he had found the stolen property outside the doorway of apartment #2. Appellant claimed

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

to have merely taken what had already been stolen by the "real" burglar, a man appellant claimed to have seen running out of the building just as he was entering. Appellant contended that after his arrest, while sitting in the back of the squad, he saw the real burglar, and that his attempts to alert the officers by yelling and gesticulating went unnoticed. The arresting officers noticed no unusual behavior by appellant and appellant never mentioned having seen this other man at the time of his arrest.

At the time of his arrest, appellant was wearing a cowboy hat, a black leather jacket, and dark blue jeans. Michael Todd, a resident of apartment #1, 1400 Spruce Place, identified appellant at the scene and at trial as the man he had seen breaking into apartment #2. Appellant claimed that cotton work gloves found in the duffel bag were not his, and had been planted there by the arresting officers. Appellant also testified that it was his practice to carry a couple of pairs of vise grips with him to fix the muffler on his car, which kept falling off. However, appellant also testified that he did not have his car with him on the day of the burglary. After a two day trial, the jury found appellant guilty as charged of burglary in the second degree.

### ISSUES

1. Was the evidence sufficient to support a jury verdict of guilty of burglary in the second degree?

2. Did the trial court err by refusing to instruct the jury that theft was a lesser included offense of burglary in the second degree?

### ANALYSIS

#### I.

■ In reviewing a claim of insufficiency of the evidence, this court is limited to ascertaining whether, given the facts in the record and the legitimate inferences to be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. *State v.*

*Norgaard,* 272 Minn. 48, 52, 136 N.W.2d 628, 631 (1965). After reviewing the record, we believe there is more than sufficient evidence to sustain the conviction.

#### II.

Appellant contends that the trial court committed prejudicial error by failing to instruct the jury that the crime of theft was a lesser offense included within second degree burglary. Minn.Stat. § 609.04, subd. 1 (1986) provides that "upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense." Section 609.04, subd. 1, defines an included offense as:

\*     \*     \*     \*     \*     \*

(4) A crime necessarily proved if the crime charged were proved;

\*     \*     \*     \*     \*     \*

■ It has been held that a lesser included offense is necessarily included in a greater offense if it is impossible to commit the latter without also committing the former. *State v. Roden,* 384 N.W.2d 456, 457 (Minn.1986). In determining whether an offense is a lesser included offense, the court looks at the elements of the offense, not the facts of the particular case.

In this case, the complaint charging appellant stated:

That on or about the 13th day of March, 1986, \* \* \* BENNIE LEE WILLIAMS entered a dwelling, \* \* \* without consent \* \* \* and with intent to commit a crime, theft.

Appellant argues that since the underlying offense charged in the complaint was theft, the crime of theft would necessarily be a lesser included charge in order for the State to prove its case that appellant was guilty of burglary in the second degree.

■ This assertion ignores the fact that it is the elements *of the offense* and not the facts of the particular case that the court look to in determining whether to include a lesser included offense. *Roden,* 384 N.W.2d at 457. Looking at the offenses involved here, it is clear that an actual theft does not have to occur in order to be

convicted of burglary. The burglary statute states "whoever enters a building without consent and *with intent to commit a crime* commits burglary in the second degree * * *." Minn.Stat. § 609.582, subd. 2(a) (1986). Further, in *State v. Minton,* 276 Minn. 213, 215, 149 N.W.2d 384, 386 (1967), the supreme court noted that theft is not a crime necessarily proved upon proof of burglary.

### DECISION

Appellant's conviction was supported by sufficient evidence.

The trial court correctly excluded submission of theft as a lesser included offense of burglary.

Affirmed.